IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREGORY WALKER,            :
         Plaintiff,        :
                           :
                           :     **Case No. 2:26-cv-648**
     v.                   :     **Judge Edmund A. Sargus**
                           :     **Magistrate Judge S. Courter M. Shimeall**
                           :
**SERGEANT HONEYCUT,** *et al.*,  :
         Defendants.     :

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, initiated this action on May 29, 2026.  (Doc. 1).  The complaint has not yet been screened.  Currently before the Court is Plaintiff's Motion to Waive the Bond Requirement Associated with the Request for Injunctive Relief (Doc. 2), which the Court construes as a motion for preliminary injunction.  In the motion, Plaintiff, currently housed at the Trumbull Correctional Institution (TCI), complains Defendants imposed allegedly improper disciplinary proceedings and a visitation restriction at the Pickaway Correctional Institution (PCI), where he was previously housed.  (*See* Doc. 2, at PageID 67–68). For the reasons below, Plaintiff's motion for preliminary injunction (Doc. 2) should be **DENIED**.

**I.     Legal Standard**

Determining whether to issue a preliminary injunction requires balancing:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
3. Whether an injunction will cause others to suffer substantial harm; and
4. Whether the public interest would be served by a preliminary injunction.

*See Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689–90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*,

228 F.3d 729, 736 (6th Cir. 2000)).  The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief.  *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).  "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue."  *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other gds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits."  *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848–49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).  When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting."  *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)).  In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides."  *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)).  A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief."  *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

II.    **Analysis**

Here, a preliminary injunction is not warranted.  As set forth above, the purpose of a preliminary injunction is to preserve the status quo until a trial on the merits can be held.  *See S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 848; *see also Southern Milk Sales, Inc. v. Martin*,

924 F.2d 98, 102 (6th Cir. 1991).  The present status quo in this case is, according to Plaintiff, that he has suffered a violation of his constitutional rights.  But the remedy Plaintiff seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring the correction of deficiencies yet to be proven.  (*See* Doc. 2 (seeking to enjoin enforcement of conduct violation reports and a visitation restriction)).  Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief.  *See Gooden v. Bradshaw,* No. 1:08–CV-115, 2009 WL 1929078, at *4 (S.D. Ohio July 2, 2009) (recognizing the status quo would not be preserved where the plaintiff sought an order requiring the defendants to affirmatively correct constitutional deficiencies that had not yet been proven).

Moreover, because Plaintiff is no longer housed at PCI, where the alleged violations of his constitutional rights occurred and where Defendants are allegedly employed, it is not clear what injunctive relief could be fashioned against Defendants in light of Plaintiff's transfer to TCI.  *See Lowe v. Oppy*, No. 2:14-CV-535, 2015 WL 1439345, at *3 (S.D. Ohio Feb. 10, 2015), *report and recommendation adopted*, 2015 WL 1439325 (S.D. Ohio Mar. 27, 2015) (finding that "the Court's entry of equitable relief on behalf of Plaintiff would have no effect on Defendants' actions towards him because Defendants perform their duties at an institution where Plaintiff is no longer incarcerated").

### III.    Conclusion

Accordingly, it is **RECOMMENDED** that Plaintiff's motion for preliminary injunction (Doc. 2) be **DENIED**.  As stated in the Court's Order granting Plaintiff's application to proceed *in forma pauperis*, the next step in this case is an initial screening of Plaintiff's complaint, which is required because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*.  28 U.S.C.

§ 1915A(a); 28 U.S.C. § 1915(e)(2).  The Undersigned will conduct this initial screening as soon as practicable.  The Court will then enter an appropriate order and, if appropriate, direct service of the complaint and summons on Defendants.

/s/ S. Courter M. Shimeall
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4