**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**GREGORY WALKER,**

**Plaintiff,**

**v.**

**SERGEANT HONEYCUTT, *et al.*,**

**Defendants.**

**Case Number 2:26-cv-648**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge S. Courter M. Shimeall**

**OPINION AND ORDER**

This matter is before the Court on a Report and Recommendation issued by the Magistrate Judge. (ECF No. 3.) The Magistrate Judge reviewed Plaintiff Gregory Walker's *pro se* Motion to Waive the Bond Requirement Associated with the Request for Injunctive Relief (ECF No. 2), construed that filing as a motion for preliminary injunction, and recommended denying the motion for preliminary injunction. (ECF No. 3.) Plaintiff filed a timely Objection to the Report and Recommendation. (ECF No. 9.)

For the reasons stated in this Opinion and Order, the Court **OVERRULES** Plaintiff's Objection (ECF No. 9) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 3). The Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Waive the Bond Requirement Associated with the Request for Injunctive Relief. (ECF No. 2.)

**BACKGROUND**

Plaintiff, an Ohio inmate proceeding *pro se* and *in forma pauperis*, brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983. (ECF Nos. 1-2, 4.) Plaintiff filed this lawsuit while he was incarcerated at Trumbull Correctional Institution ("TCI"), but the allegations in the Complaint

took place while he was incarcerated at Pickaway Correctional Institution ("PCI"). (ECF No. 1-2, PageID 14.) Plaintiff names as defendants Sergeant Honeycutt, who is tasked with hearing conduct reports at PCI; Lieutenant J. Normandin, who is the Rules Infraction Board Chairperson at PCI; and Ms. Dean, who is the Unit Manager Administrator and Warden's Designee for visitation approval, denials, and suspensions at PCI. (*Id.* PageID 14–15, 22.)

Plaintiff alleges that he did not receive due process at PCI during conduct report and Rules Infraction Board proceedings or before his previously-approved visitor, Brandice Thurman, was removed from his visitor's list. (*See generally id*.) Plaintiff says that, as a result, there is a conduct report and guilty finding on his prison disciplinary record and Brandice Thurman is restricted from his visitor's list. (*Id.* PageID 16–19, 22.) Relevant here, the Complaint seeks a preliminary injunction against Defendants Honeycutt and Normandin ordering the removal of the guilty finding and conduct report from Plaintiff's prison disciplinary record and against Defendant Dean ordering the reinstatement of Brandice Thurman to his visitor's list. (*Id.* PageID 24–30.)

When Plaintiff initiated this action, he filed a Motion asking the Court to waive the bond requirement associated with obtaining a preliminary injunction under Federal Rule of Civil Procedure 65(c). (ECF No. 2.) In that Motion, Plaintiff argues the preliminary injunction factors weigh in his favor. (*Id.*) The Magistrate Judge reviewed Plaintiff's Motion, construed it as a preliminary injunction motion, and recommended denying the preliminary injunction motion. (ECF No. 3.) Plaintiff objected to the Magistrate Judge's Report and Recommendation. (ECF No. 9.)

## LEGAL STANDARD

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctions. When determining whether to grant a preliminary injunction, courts consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Int'l Union of Painters & Allied Trades Dist. Council No. 6 v. Smith*, 148 F.4th 365, 371 (6th Cir. 2025) (quoting *Ohio v. Becerra*, 87 F.4th 759, 768 (6th Cir. 2023)).

## ANALYSIS

The Magistrate Judge recommended denying Plaintiff's motion for preliminary injunction for two reasons. (ECF No. 3.) First, the Magistrate Judge stated that Plaintiff's requested relief is beyond the scope and purpose of a preliminary injunction because he seeks an Order requiring the correction of deficiencies yet to be proven. (*Id.* PageID 75–76.) Second, the Magistrate Judge highlighted that it is unclear what injunctive relief may be fashioned against Defendants because they are employed at PCI and Plaintiff has been transferred to TCI. (*Id.* PageID 76.) Plaintiff objected to the Magistrate Judge's Report and Recommendation (ECF No. 9), and the Court addresses Plaintiff's arguments below.

In his first two arguments, Plaintiff says the Magistrate Judge erred by characterizing his requested relief as beyond the scope of a preliminary injunction and altering the status quo. (ECF No. 9, PageID 104–05.) Plaintiff contends the status quo is his "constitutional right not to be subjected to punishment without due process of law." (*Id.* PageID 105.) Here, Plaintiff asks the Court to order Defendants to affirmatively act (i.e., remove a guilty finding and conduct report from his prison disciplinary record and reinstate Brandice Thurman as an approved visitor), rather than to enjoin Defendants from taking certain acts. (*See* ECF No. 1-2, PageID 24–30; ECF No. 2, PageID 67.) The Court agrees with the Magistrate Judge that affirmative relief is often beyond the scope and purpose of a preliminary injunction, but recognizes that some circumstances justify ordering the performance of an act, known as a mandatory injunction. *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978); *see United Food & Com. Workers Union, Loc. 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 348 (6th Cir. 1998) (noting a mandatory preliminary injunction requires the non-moving party to undertake affirmative action). Regardless, the Court agrees with the Magistrate Judge's recommendation to deny Plaintiff's request for a preliminary injunction due to Plaintiff's transfer from PCI to TCI, discussed next.

Plaintiff argues his transfer to TCI does not render the requested injunctive relief impossible or moot. (ECF No. 9, PageID 105–06.) He says the disciplinary findings remain part of his record within the Ohio Department of Rehabilitation and Correction and the visitation restriction remains effective after his transfer. (*Id.*) Even so, the remedies issue identified by the Magistrate Judge still exists. (ECF No. 3, PageID 76.) Plaintiff's Complaint asks the Court to order PCI officials to remove the guilty finding and conduct report from Plaintiff's prison disciplinary record and reinstate Brandice Thurman to his approved visitor's list. (ECF No. 1-2,

PageID 24–30.) But Plaintiff has not shown that Defendants can alter his disciplinary record or visitation list now that he is incarcerated at TCI. *See Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) ("A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."). As such, the Court agrees Plaintiff's request for a preliminary injunction should be denied at this time. But the Court will deny Plaintiff's Motion without prejudice, meaning that if Plaintiff can demonstrate Defendants have the authority to change his disciplinary record or visitation list, he may refile his Motion.

Plaintiff also argues the Report and Recommendation should be rejected because it did not adequately evaluate the preliminary injunction factors or address his claim that Brandice Thurman was removed from his visitation list. (ECF No. 9, PageID 106–07.) But the remedies issue discussed above is dispositive of Plaintiff's preliminary injunction request here. Plaintiff also objects to the Magistrate Judge's reliance on *Lowe v. Oppy*, No. 2:14-CV-535, 2015 WL 1439345 (S.D. Ohio Feb. 10, 2015) (Deavers, M.J.), *report and recommendation adopted*, 2015 WL 1439325 (S.D. Ohio Mar. 27, 2015) (Smith, J.). (ECF No. 9, PageID 107.) Plaintiff claims the instant case is distinguishable from *Lowe* because Plaintiff challenges disciplinary sanctions and visitation restrictions that remain in effect and continue to produce consequences. (*Id.*) In *Lowe*, the Magistrate Judge recommended denying the plaintiff's motion for a preliminary injunction against prison officials who worked at his previous place of incarceration because the plaintiff did not demonstrate that those defendants were personally involved in or had control over the relevant policies at his new place of incarceration. 2015 WL 1439345, at *3. So too, here. The Magistrate Judge's citation to *Lowe* was appropriate.

Finally, Plaintiff objects to any denial of his request to waive the security requirement under Rule 65(c). (ECF No. 9, PageID 108.) Because the Court denies Plaintiff's request for a preliminary injunction herein, his request to waive the security requirement associated with issuing a preliminary injunction is moot.

**CONCLUSION**

For the reasons above, the Court **OVERRULES** (ECF No. 9) Plaintiff Gregory Walker's Objection and **ADOPTS** and **AFFIRMS** (ECF No. 3) the Magistrate Judge's Report and Recommendation. The Court **DENIES WITHOUT PREJUDICE** (ECF No. 2) Plaintiff Gregory Walker's Motion to Waive the Bond Requirement Associated with the Request for Injunctive Relief, which the Court construes as a motion for preliminary injunction.

This case remains open.

**IT IS SO ORDERED.**

**7/31/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**